UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

| | | |
|---|---|---|
| Jack Swanson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:25-cv-12697-BHH |
| v. | ) | |
| | ) | **<u>Order</u>** |
| Judge David Phillips, Judge Ballenger, | ) | |
| Judge Thomas T. Hodges, Brian K. | ) | |
| James, Bradley A. Norton, Sarah | ) | |
| Cornell, Matt Dykstra, Amanda | ) | |
| Swanson, Yadira Baez-Lockard, David | ) | |
| R. Wagner, William E. Stolarski, | ) | |
| Melissa Burton, Oconee County | ) | |
| Sheriff's Department, David Williams, | ) | |
| Kody Klepper, Brian Moore, JTEKT | ) | |
| North America, Voya Financial, | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Jack Swanson's ("Plaintiff") complaint against Defendants, arising out of a "multi-year conspiracy initiated by Amanda Swanson to disassociate her children from their father while gaining maximum financial benefit." (ECF No. 1.) Plaintiff presents various allegations regarding certain events leading up to divorce proceedings in the Oconee County Family Court, various hearings and rulings made within the Family Court proceedings,[1] certain law enforcement charges and proceedings, and certain events

---

[1] The Court takes judicial notice of Plaintiff's family court case. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir.2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

concerning Plaintiff's employment and termination from his employment. (*Id.* at 3-9.) Plaintiff asserts various claims. For a first cause of action, Plaintiff asserts a claim under the Racketeering-Influence and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c), against all Defendants. (*Id.* at 9.) For a second cause of action, Plaintiff asserts a claim under 42 U.S.C. § 1983 for the deprivation of his civil rights against the "State Actor Defendants," including judges, solicitors, the Sheriff's Department, and officers. (*Id.* at 9-10.) For a third cause of action, Plaintiff asserts a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights against all Defendants. (*Id*. at 10.) For a fourth cause of action, Plaintiff asserts a claim under 42 U.S.C. § 12203 for coercion, intimidation, and retaliation against all Defendants. (*Id*. at 11.) For his relief, Plaintiff seeks money damages, declaratory relief, and injunctive relief. (*Id.*) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pretrial proceedings.

On October 1, 2025, Magistrate Judge Brown issued a Report and Recommendation ("Report"), recommending that the action be dismissed without issuance and service of process and without leave to amend. (ECF No. 8.) In his detailed Report, Magistrate Judge Brown finds that some of Plaintiff's claims are barred by the domestic relations exception, the *Rooker-Feldman* doctrine,[2] and/or the *Younger* abstention doctrine.[3] (*Id*. at 4-9.) Magistrate Judge Brown further finds that the complaint

---

[2] Under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a party losing in state court is barred "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court").

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

fails to plausibly state a claim for which relief can be granted because the claims are frivolous and have no arguable basis in the law, because the claims are time-barred, and/or because Defendants are not proper parties or are entitled to immunity. (*Id.* at 10-24.) Plaintiff filed objections to the Report on October 20, 2025. (ECF No. 12.)

### **<u>Standard of Review</u>**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### **<u>Discussion</u>**

Plaintiff's first objection is to the Magistrate Judge's finding that Plaintiff's allegations fail to state a conspiracy claim, a civil RICO claim, and constitutional claims pursuant to § 1983. (ECF No. 12 at 2-3.) Plaintiff asserts that the complaint "alleges interlocking acts that form a plausible pattern of conspiracy," and he points to conduct by

3

Judges Ballenger and Hodges, the Clerk, and his attorney. (*Id.* at 2.) Plaintiff then states in conclusory fashion that these alleged facts state cognizable legal claims. (*Id.*) Plaintiff also argues that the Report's conclusion that these claims are time-barred is premature, stating that he did not learn of the conduct to support his RICO claim until September 2025. (*Id.* at 3.)

After *de novo* review, the Court finds no merit to Plaintiff's first objection. Plaintiff merely repeats the allegations in his complaint in support of these claims and concludes that his assertions satisfy *Twombly/Iqbal*. (*Id.* at 2-3.) Notably, Plaintiff's objection does not address the Magistrate Judge's sound analysis of these claims. As noted by the Magistrate Judge, without sufficient facts showing a meeting of the minds between at least two proper Defendants, Plaintiff's § 1985 conspiracy claim fails. The Magistrate Judge also properly dismissed Plaintiff's civil RICO claim based on allegations that attorneys and judges have engaged in a conspiracy to violate his rights. *See Hankins v. United States*, C/A No. 7:20-cv-179-FL, 2021 WL 4437502, at *7 (E.D.N.C. Aug. 30, 2021) ("Plaintiff's civil RICO claim depends on allegations that [ ] attorneys and state-court judges have engaged in a conspiracy to violate Plaintiff's rights . . . . This legal theory for a civil RICO claim lacks an arguable basis in law and fact."), *R&R adopted by* 2021 WL 4428192 (E.D.N.C. Sept. 27, 2021). The Court further notes that the Report does not find that Plaintiff's RICO claim is time barred. (*See* ECF No. 8 at 14-15.) As to Plaintiff's various constitutional claims against "State Actor Defendants," including judges, solicitors, the Sherriff's Department, and officers, (ECF No. 1 at 9-10), the Magistrate Judge properly determined that these Defendants are entitled to immunity from suit. (ECF No. 8 at 10-14 (discussing judicial immunity, quasi-judicial immunity, prosecutorial immunity, and the

"under the color of law" requirement for a § 1983 claim).) Plaintiff disagrees with this finding, as stated in his third objection; however, the Court finds no merit to Plaintiff's claim that the allegations in his complaint support a finding that exceptions apply to allow his claims to proceed against these Defendants. (*See* ECF No. 12 at 4-5.) Thus, the Court overrules Plaintiff's first and third objection.

Turning back to Plaintiff's second objection, he contends that the Magistrate Judge misapplied the domestic relations exception, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine "to a complaint seeking damages for independent constitutional injuries." (*Id.* at 3.) Plaintiff states that the domestic relations exception and the *Rooker-Feldman* doctrine do not apply because he is not relitigating the divorce or custody degree, but seeking damages for the independent constitutional injuries caused by a conspiracy. (*Id.*) As to the *Younger* abstention doctrine, Plaintiff states that the divorce proceeding is closed, and he contends that the "bad faith" exception applies. (*Id.* at 4.)

After *de novo* review, the Court overrules Plaintiff's second objection. After review of the complaint, the Court agrees with the Report's finding that "[t]he crux of this action is Plaintiff's challenge to rulings made in the Family Court, regardless of how the claims are framed," and that the domestic relations exception bars his claims challenging purported interference with his parental rights by various Oconee County authorities. (*See* ECF No. 1 at 9, 11 (alleging "Plaintiff has been injured in his . . . loss of parental rights, payment of fraudulent child support and fees . . ."; seeking an "order for a new custody and support hearing")); *see also Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting "the long established precedent that federal courts are courts of limited jurisdiction

and generally abstain from hearing child custody matters"); *Pelham v. Wilson*, C/A No. 1:22-cv-155, 2022 WL 1211783, at *2 (M.D.N.C. Apr. 25, 2022) (same); *Ross v. Rakes*, C/A No. 3:18-cv-00537, 2018 WL 6175462, at *4 (S.D.W. Va. Oct. 30, 2018) (explaining that child custody matters "are generally not heard in federal court" because state courts "have the experience to deal with this specific area of the law") (internal citations omitted), *R&R adopted by* 2018 WL 6173885 (S.D.W. Va. Nov. 26, 2018).

Further, the Court finds that the *Rooker-Feldman* doctrine applies here because Plaintiff's claims are premised on assertion that the Family Court erred in its handling of the custody and support matters before it, and Plaintiff seeks injunctive relief to overturn those rulings. (ECF No. 1 at 5-6, 11.); *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (finding that "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself."); *Est. v. Jarrett*, C/A No. 2:21-cv-02506-RMG-MGB, 2022 WL 14966432, at *8 (D.S.C. July 28, 2022) (finding the plaintiff's claims seeking review of state court decision regarding her parental rights barred by *Rooker-Feldman* doctrine), *R&R adopted by* 2022 WL 14893370 (D.S.C. Oct. 26, 2022); *Campbell v. Bennett*, C/A No. 0:19-cv-973-JFA, 2019 WL 4593567, at *4–5 (D.S.C. Sept. 23, 2019) (explaining that the *Rooker-Feldman* doctrine precluded the court from reviewing the family court's determinations regarding custody and neglect, as those issues were decided by the family court after a full opportunity to litigate those issues), *aff'd*, 801 F. App'x 144 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 362 (2020); *Hall v. Hall*, C/A No. 3:06-cv-3130-MJP-BM, 2007 WL 433182, at *2 (D.S.C. Jan. 8, 2007) (declining to consider the plaintiff's constitutional claims because to rule in her favor would have

required the court to find invalid various orders and rulings made in the Richland County Family Court), *R&R adopted by* 2007 WL 465577 (D.S.C. Feb. 2, 2007). Thus, Plaintiff's claims are barred by this doctrine and are, therefore, subject to dismissal for lack of subject matter jurisdiction.

Moreover, as to the *Younger* abstention doctrine, the Court finds that the Report correctly concluded that, to the extent Plaintiff's Family Court proceedings are ongoing, any claims including the current status of his custody rights are not properly before this Court. (ECF No. 8 at 8.) Plaintiff does not object to this finding but rather states that the *divorce* case closed in 2022. (ECF No. 12 at 4.) In sum, the Court finds no merit to Plaintiff's second objection.

Plaintiff's fourth objection is that the Report failed to recognize him as a *Cherokee* man. (*Id.* at 5.) Plaintiff states that the "gender-biased family court system – was applied to [him], a Native American[,]" and "[t]he refusal to process his children's tribal enrollment, combined with the use of a system known for bias against fathers, supports a reasonable inference of 'class-based, invidiously discriminatory animus.'" (*Id.*)

After *de novo* review, the Court overrules Plaintiff's fourth objection. Even assuming *arguendo* that Plaintiff belongs to a protected class under § 1985 (as a Native American), his § 1985 claims still fail for the reasons set forth above.

Plaintiff's fifth and final objection is that Report "mischaracterizes" his employment claims, specifically his ADA claim, as a "stand-alone" claim instead of considering the "employment allegations" and the harm he allegedly suffered (i.e. job loss) as "a direct and foreseeable consequence of the conspiracy." (*Id.* at 6.)

After *de novo* review, the Court overrules Plaintiff's fifth and final objection. The Report construed the complaint as asserting employment discrimination claims. (*See* ECF No 8 at 20-24.) Plaintiff does not object to the Report's analysis of such claims. (*See id*. (recommending summary dismissal).) Rather, Plaintiff contends that the Report failed to view his "employment allegations" "as part of the broader pattern of retaliatory harm" flowing from the alleged conspiracy. (ECF No. 12 at 6.) However, even if the Court views such allegations as part and parcel of Plaintiff's § 1985 conspiracy claim, these allegations of harm do not save his conspiracy claim from dismissal.

<u>**Conclusion**</u>

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 8); **overrules** Plaintiff's objections (ECF No. 12); and **dismisses this action without issuance and service of process and without leave to amend.**

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

May 4, 2026
Charleston, South Carolina